IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ANTONIO ALEJANDRO GUTIERREZ,

        Petitioner,

   v.

BRIAN BELLEQUE, BOARD OF
PAROLE AND POST-PRISON
SUPERVISION, and STATE OF
OREGON,

        Respondents.

Civil No. 08-464-JE

FINDINGS AND RECOMMENDATION

   Antonio Alejandro Gutierrez
   #5448026
   777 Stanton Blvd
   Ontario, OR 97914

       Petitioner, *Pro Se*

   John R. Kroger
   Attorney General
   Andrew D. Hallman
   Assistant Attorney General
   Department of Justice
   1162 Court Street NE
   Salem, Oregon 97310

       Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of a decision by the Oregon Board of Parole and Post-Prison Supervision ("Board") deferring his parole. For the reasons that follow, the Petition for Writ of Habeas Corpus [2] should be denied.

## BACKGROUND

On December 23, 1984, petitioner killed his mother and injured his father. As a result, he was convicted of Murder and Assault in the Second Degree and sentenced to an indeterminate life sentence for Murder, and an additional ten years with a five-year minimum for Assault. Respondent's Exhibit 101. The Board set petitioner's projected release date in December of 1999, but deferred his parole in 1998, 2000, 2002, and 2004 finding that petitioner suffered from a present severe emotional disturbance rendering him a danger to the community. Respondent's Exhibit 104, pp. 70, 78, 83, 89.

In May of 1999, petitioner was convicted of Attempted Assault in the Second Degree stemming from a prison fight and sentenced to an additional 48 months in prison. Respondent's Exhibit 101.

On April 12, 2006, petitioner refused to participate in a psychological examination which the Board had scheduled to assist it in determining petitioner's eligibility for parole. When the Board subsequently conducted petitioner's exit interview to decide whether to firm up or extend his release date, petitioner again indicated that he was unwilling to participate in any psychological

2 - FINDINGS AND RECOMMENDATION

evaluation. Respondent's Exhibit 104, p. 144. The Board advised petitioner, "Okay. All right. With that, we will basically indicate that you're going to serve the remainder of your sentence, which is a life sentence. So, you will serve the remainder of that." *Id.* The Board also advised petitioner that if he wished to change his mind about participating in a psychological evaluation, he could petition the Board to do so anytime within the next two years. *Id.*

Petitioner requested administrative relief on the basis that the Board's decision to require his participation in a psychological evaluation violated his Fifth Amendment privilege against self-incrimination, but the Board denied relief. *Id* at 149-159. The Oregon Court of Appeals concluded that petitioner failed to raise a substantial question of law, and the Oregon Supreme Court denied review. Respondent's Exhibits 110, 112, 113.

On April 14, 2008, petitioner filed this federal habeas corpus action raising the following claims:

    1. The psychological evaluations ordered by the Board as a prerequisite to granting parole are in violation of the Fifth Amendment;

    2. Penalizing petitioner for refusing those evaluations is also a violation of the Fifth, Sixth, and Fourteenth Amendments;

    3. The State's statutes and administrative rules authorizing these evaluations are unconstitutional; and

    4. Because of the constitutional deprivations described in Grounds One,

3 - FINDINGS AND RECOMMENDATION

Two, and Three, petitioner is illegally confined.

Respondent asks the court to: (1) dismiss the Board and the State as improper respondents to this action; and (2) deny relief on the Petition because petitioner's claims lack merit, and the state court decision denying relief on those claims is entitled to deference.

## DISCUSSION

### I. Proper Respondent

"The proper respondent in a federal habeas corpus petition is the petitioner's 'immediate custodian.'" *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992)(quoting *Demjanjuk v. Meese*, 784 F.2d 1114, 1115 (D.C. Cir. 1986) (Bork, J., in chambers); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). "A 'custodian' is the person having day-to-day control over the prisoner." *Brittingham*, 982 F.2d at 379. This person is typically the warden of the facility in which the petitioner is incarcerated. *Stanley*, 21 F.3d at 360 (citing *Brittingham*, 982 F.2d at 379). "Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." *Stanley*, 21 F.3d at 360.

Petitioner's immediate custodian is his warden, Brian Belleque. Because neither the Board nor the State are proper respondents, they should be dismissed.

///

///

4 - FINDINGS AND RECOMMENDATION

## II.  Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent."  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id* at 413.  The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous.

5 - FINDINGS AND RECOMMENDATION

*Id* at 410.  The state court's application of clearly established law must be objectively unreasonable.  *Id* at 409.

When, as here, a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine whether the state court clearly erred in its application of Supreme Court law.  *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000).  In such an instance, although the court independently reviews the record, it still lends deference to the state court's ultimate decision.  *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

### III. <u>Analysis</u>

All of petitioner's claims revolve around his central contention that the Board violated his rights under the Fifth Amendment by requiring him to participate in a psychological evaluation before it would consider him for parole.  The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself."  U.S. Const., Amdt. 5.  The purpose of the Fifth Amendment is "to insure that a person should not be compelled, when acting as a witness in any investigation, to give testimony which might tend to show that he himself had committed a crime."  *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973) (citing *Counselman v. Hitchcock*, 142 U.S. 547, 562 (1892).  The Fifth Amendment extends beyond criminal proceedings to include any proceeding which might incriminate the individual in a

6 - FINDINGS AND RECOMMENDATION

future criminal proceeding. *Allen v. Illinois*, 478 U.S. 364, 368 (1986).

In this case, the psychological evaluation at issue was not intended to be used as a tool to convict petitioner of new criminal conduct or impose additional sentences. Respondent's Exhibit 104, p. 159. Instead, the Board sought to utilize the evaluation to assist it in determining whether petitioner was suffering from a present severe emotional disturbance which rendered him a danger to the health or safety of the community if released in the future.[1] *Id*. As a result, the protections of the Fifth Amendment do not apply. At a minimum, as petitioner points out, there is no clearly established federal law establishing a Fifth Amendment violation where a parole board requires the completion of a psychological evaluation before affording parole consideration. Memo in Support [68], pp. 23, 47. Accordingly, upon an independent review of the record, the state court decision denying relief on petitioner's claims is neither contrary to, nor an unreasonable application of, clearly established federal law.

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus [2] should be DENIED and a judgment should be entered dismissing this case with prejudice. The court should decline to issue a Certificate of Appealability on the basis that petitioner

---

[1] Pursuant to ORS 144.125, the Board is required to conclude that petitioner does not suffer from a present severe emotional disturbance before it can release an inmate to parole.

7 - FINDINGS AND RECOMMENDATION

has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

### SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 14 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

DATED this <u>7th</u> day of June, 2011.

<u>/s/ John Jelderks</u>
John Jelderks
United States Magistrate Judge

8 - FINDINGS AND RECOMMENDATION